IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DARIN D. GREENE,

      Petitioner,                    No. 2:13-cv-0495 KJM DAD P

    vs.

CALIFORNIA SUPREME COURT,      ORDER AND

      Respondent.               FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has not, however, filed an in forma pauperis affidavit or paid the required filing fee ($5.00). See 28 U.S.C. §§ 1914(a); 1915(a).

        In his application for federal habeas relief petitioner claims that on January 17, 2013, the California Supreme Court violated his right to due process by refusing to consider a petition for review filed by petitioner in that court. Petitioner further claims that on February 7, 2013, the California Supreme Court violated his right to equal protection by refusing to reconsider its prior refusal to consider his petition for review. Documents appended to the federal habeas petition filed with this court reflect that by letter dated January 17, 2013, a deputy clerk of the California Supreme Court informed petitioner that the court could not consider a document sent by petitioner and received in the California Supreme Court on January 14, 2013

because it was untimely under California Rules of Court, Rule 8.264.  (See Ex. A to Petition, filed Mar. 12, 2013 (ECF No. 1) at 8.)  By letter dated February 7, 2013, the same deputy clerk for the same reason returned to petitioner unfiled a petition for review received from him in the California Supreme Court on February 6, 2013.  As a court of original jurisdiction, this federal district court may not sit as an appellate court to review alleged errors by a state court.  See Worldwide Church of God v. McNair, 805 F.2d 888, 890 (9th Cir. 1986).

Rule 4 of the Habeas Rules requires a judge to summarily dismiss a habeas petition "[i]f it plainly appears from the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  Rule 4, 28 U.S.C. foll. § 2254.  For the reasons set forth above, it is plain that petitioner is not entitled to relief on the claims presented in the pending federal habeas petition.  For that reason, the petition must be summarily dismissed.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, "[t]he district court must issue or a deny a certificate of appealability when it enters a final order adverse to the applicant."  Rule 11, 28 U.S.C. foll. § 2254.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The court must either issue a certificate of appealability indicating which issues satisfy the required showing or must state the reasons why such a certificate should not issue.  Fed. R. App. P. 22(b).  For the reasons set forth in these findings and recommendations, petitioner has not made a substantial showing of the denial of a constitutional right.  Accordingly, no certificate of appealability should issue.

Finally, petitioner has requested appointment of counsel.  There currently exists no absolute right to appointment of counsel in habeas proceedings.  See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996).  However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require."  See Rule 8(c), Fed. R. Governing § 2254 Cases.  In the present case, the court does not find that the interests of justice

/////

would be served by the appointment of counsel at the present time. Petitioner's motion will therefore be denied.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner shall submit, within thirty days from the date of this order, an affidavit in support of his request to proceed in forma pauperis or the appropriate filing fee of $5.00;

2. The Clerk of the Court is directed to send petitioner a copy of the in forma pauperis form used by this district;

3. Petitioner's March 12, 2013 motion for appointment of counsel (ECF No. 2) is denied; and

IT IS HEREBY RECOMMENDED that:

1. This action be summarily dismissed. See Rule 4, 28 U.S.C. foll. § 2254.

2. The district court decline to issue a certificate of appealability.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 8, 2013.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:12
gree13cv0495.dm